Young Cho
Attorney at Law: 189870
Law Offices of Lawrence D. Rohlfing
12631 East Imperial Highway, Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562)868-5886
Fax: (562)868-8868
E-mail: rohlfing.office@rohlfinglaw.com

Attorneys for Plaintiff
John L. Gipson

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. GIPSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No.: 1:14-cv-01709-EPG<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920; ORDER |

TO THE HONORABLE ERICA P. GROSJEAN, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that John L. Gipson be awarded attorney fees and expenses in the amount of four thousand one hundred dollars ($4,100.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. §

2412(d), and costs in the amount of four hundred dollars ($400.00) under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to John L. Gipson, the government will consider the matter of John L. Gipson's assignment of EAJA fees to Young Cho.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to John L. Gipson, but if the Department of the Treasury determines that John L. Gipson does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by John L. Gipson.  *United States v. $186,416.00*, 722 F.3d 1173, 1176 (9th Cir. 2013) (*$186,416.00 II*)  (ordering fees paid to counsel because of an assignment that did not interfere with a raised superior lien).[1]  Any payments made shall be delivered to Young Cho.

---

[1] The Commissioner does not stipulate to the citation of *$186,416.00 II*, and will not participate in representing to this Court that it carries legal import in these proceedings.  *$186,416 II* involved a different statute and very different factual circumstances than those presented here, or in other Social Security cases. Because the parties have agreed to the payment of EAJA fees, and the amount, and to avoid motion practice solely related to Plaintiff's citation, the Commissioner agrees to this stipulation. The Commissioner reserves the right to challenge the applicability of *$186,416 II* to any Social Security case, and this Stipulation should not be construed as a waiver of such reservation.

This stipulation constitutes a compromise settlement of John L. Gipson's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that John L. Gipson and/or Young Cho including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Young Cho and/or the Law Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: December 28, 2015	Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING

BY: /s/ *Young Cho*
Young Cho
Attorney for plaintiff John L. Gipson

DATE:  December 28, 2015	BENJAMIN B. WAGNER
United States Attorney

/s/ *Theophous H. Reagans*

Theophous H. Reagans
Special Assistant United States Attorney
Attorneys for Defendant Carolyn W. Colvin,
Acting Commissioner of Social Security
(Per e-mail authorization)

///

///

---

John Gipson contends that *U.S. v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 757 (9th Cir. 2011) (*$186,416.00 I*) held that there is no functional difference between the CAFRA and EAJA in terms of "ownership" of the fee.

## ORDER

Pursuant to the above stipulation between the parties, the Plaintiff shall be awarded attorney fees and expenses in the amount of four thousand one hundred dollars ($4,100.00) under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and costs in the amount of four hundred dollars ($400.00) under 28 U.S.C. § 1920. This award is subject to the terms of the above-referenced stipulation and payments shall be made pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), as outlined above.

IT IS SO ORDERED.

Dated: __**January 4, 2016**__                    _____/s/ Erica P. Grosjean_____
                                                                    UNITED STATES MAGISTRATE JUDGE