UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. GIPSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:14-cv-01709-EPG<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(ECF Nos. 22, 25) |

## I. INTRODUCTION

Young Chul Cho of the Law Offices of Lawrence D. Rohlfing, attorney for John L. Gipson ("Plaintiff"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) on April 23, 2018. (ECF No. 22). Plaintiff and the Commissioner of Social Security ("Defendant" or "Commissioner") were served with the motion. (ECF No. 22 at 11). Plaintiff has not filed any opposition to the motion. Defendant filed a response to the motion on June 1, 2018, and indicated that it has no opposition to the motion. (ECF No. 25). For the reasons set forth below, the motion for attorney's fees is granted.

## II. BACKGROUND

On October 30, 2014, Plaintiff commenced this action for judicial review of a final denial of an application for disability benefits under the Social Security Act by the Commissioner of the Social Security Administration. (ECF No. 1.) On October 20, 2015, upon

1

the stipulation of the parties, the Court remanded this matter and issued judgment in favor of Plaintiff. (ECF Nos. 18, 19.)

On January 4, 2016, counsel was awarded attorneys' fees in the amount of $4,100.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 21.) On January 5, 2018, the Commissioner determined that Plaintiff has been disabled since April 15, 2011. (ECF No. 22-2 at 12). On February 1, 2018, the Commissioner awarded Plaintiff benefits in the amount of $105,149.00. (ECF No. 22-3 at 3.)

Plaintiff's counsel now moves for attorney's fees in the amount of $20,200.00 pursuant to 42 U.S.C. § 406(b), less $4,100.00 for the EAJA fees previously paid. (ECF No. 22 at 3). Counsel states that Plaintiff entered into a contingency fee agreement whereby the Law Offices of Lawrence D. Rohlfing would receive a fee of 25% of the backpay awarded upon reversal of an unfavorable determination by the Commissioner. *Id.* Counsel contends that the fees are reasonable as he has expended 25.8 hours of work on this matter, and is requesting less than 25% of the benefit award. *Id.*

### III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled* by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. at 789, 802 (2002)). However, the Commissioner has standing to challenge the award, despite the fact that the

2

Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec 'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,'. . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, Plaintiff entered into a fee agreement that provides for attorney's fees in the amount of 25% of the backpay benefits. (ECF No. 22-1). The Court has considered counsel's representation of Plaintiff and the results achieved by counsel. Plaintiff's counsel indicates he

3

expended a total of 25.8 hours litigating Plaintiff's case and he is seeking 19.21% of the total amount of backpay benefits. (ECF No. 22 at 3; 22-4 at 1-2). This represents an hourly rate of $782.00. While this hourly rate does appear to be above the market rate range, (ECF No. 22-5 at 14), counsel has voluntarily reduced the fees substantially from the allowable 25%, and the hourly rate is not excessive when compared to what the Ninth Circuit has approved. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (noting the majority's decision effectively approves hourly rates of both attorneys and paralegals of $519, $875, and $902 in three separate Social Security cases). Further, there is no indication that a reduction of the award is warranted due to any substandard performance by counsel in this matter. Counsel is an experienced attorney who secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in excessive delay. Thus, the $20,200.00 is not excessive in relation to the past-due award. *See generally, Shepard v. The Comm'n of Social Security,* No. 1:14-cv-1166 SMS, 2016 WL 3549261 (E.D. Cal. June 29, 2016) (granting $17,125.00 pursuant to Section 406(b)); *Schneider v. The Comm'n of Soc. Sec.*, No. 14-cv-00034 SKO, 2016 WL 2654228 (E.D. Cal., May 10, 2016) (granting $10,253.96); *Whiteside v. The Comm'n of Soc. Sec.,* No. 1:13-cv-1337-BAM, 2015 WL 36545054 (E.D. Cal., June 11, 2015) (granting $6,000.00). In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal.2003) ("Because attorneys [] contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a windfall.").

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796. Here, the Court previously determined that counsel is entitled to EAJA fees in the amount of $4,100.00. Therefore, counsel shall reimburse the amount of $4,100.00 in EAJA fees to be to Plaintiff.

\\\

**IV.     CONCLUSION AND ORDER**

For the reasons stated above, the fees sought by Young Chul Cho pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. The Motion for Attorney's Fees pursuant to Section 406(b) in the amount of $20,200.00, minus the amount of $4,100.00 in EAJA fees to be reimbursed to Plaintiff in accordance with 28 U.S.C. § 406(b)(1)(A), (ECF No. 22), is GRANTED;
2. The Clerk of the Court is directed to serve this order on Plaintiff, John L. Gipson at 4708 Wetherby Court, Bakersfield, CA 93311.

IT IS SO ORDERED.

Dated:   **June 28, 2018**                         /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE